UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
FITZGERALD WRIGHT,

           Plaintiff,

  - against -

P.O. THOMAS ENDERS, Shield No. 30482
and THE CITY OF NEW YORK,

           Defendants.
-----------------------------------------------------------------------X

COMPLAINT AND
JURY TRIAL
DEMAND

Plaintiff, FITZGERALD WRIGHT, by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION

1. This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

3. Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

4. Plaintiff, invoking the supplemental jurisdiction of this Court, also seeks compensatory and punitive damages for battery.

## VENUE

5. Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiff, FITZGERALD WRIGHT, was and is a natural person, resident in the County of Queens, City and State of New York.

8. At all times relevant hereto, defendant P.O. THOMAS ENDERS, Shield No. 30482 (hereinafter "ENDERS") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

9. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

10. The individual defendant is sued in his individual capacity.

11. On or about March 7, 2017, this date being within ninety (90) days after the claim herein sued upon accrued, plaintiff served upon the Comptroller of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claim arose.

12. More than thirty (30) days have elapsed since the aforementioned verified notice of claim was served and the Comptroller has neglected and refused to make payment of said claim.

13. This action is commenced within one year and ninety days from the date the supplemental claim herein accrued.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST DEFENDANT ENDERS
### (42 U.S.C. §1983)

14. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "13" hereinabove as if more fully set forth at length herein.

15. On or about December 22, 2016, between approximately 9:30 and 10:00 P.M., plaintiff was arrested by defendant ENDERS at his residence, located at 167-05 Hillside Avenue, County of Queens, City and State of New York.

16. Defendant ENDERS handcuffed plaintiff while plaintiff was standing upright.

17. Although plaintiff was standing still at the time he was being handcuffed by defendant ENDERS, defendant ENDERS ordered him to stop moving and then grabbed plaintiff's right arm and pulled hard on it, thereby injuring plaintiff's right shoulder.

18. Plaintiff was taken out of his residence, rear-handcuffed, and was placed in the rear seat of a New York City Police Department patrol car.

19. As soon as plaintiff was placed in the aforementioned patrol car, he felt a sharp pain in his right shoulder regarding which he complained to defendant ENDERS.

20. While he was seated in the aforementioned patrol car, plaintiff observed an ambulance that was also standing in the street.

21. Plaintiff asked defendant ENDERS to permit him to have his right shoulder examined by the ambulance personnel.

22. Defendant ENDERS denied plaintiff's request.

23. Plaintiff was driven to the stationhouse of the 107th Precinct.

24. Inside the stationhouse, plaintiff complained once again to defendant ENDERS regarding the pain in his right shoulder.

25. Defendant ENDERS informed plaintiff that he could alert the personnel at Central Booking to the pain in his right shoulder, but that if he did so and went to a hospital, his time in custody would be increased and his arraignment would be delayed.

26. As a result of defendant ENDERS's warning that his arraignment would be delayed, plaintiff did not at first tell personnel at Central Booking about the pain in his shoulder.

27. However, when bail was set on plaintiff by a Judge of the Criminal Court of the City of New York, and it appeared that he would not be able to immediately pay it, plaintiff did request to be taken to a hospital.

28. However, the person he spoke to informed him that he would have to wait to be taken to a hospital until officers from the 107th Precinct arrived to accompany him.

29. In the meantime, however, a friend of plaintiff's arrived at court and paid his bail.

30. Consequently, plaintiff was released.

31. After being released from custody, plaintiff went to a hospital.

32. After several weeks of visits to hospitals and physicians' offices, plaintiff was diagnosed with an injury to his right shoulder.

33. Defendant ENDERS violated plaintiff's right, guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, to be free from the use of excessive force, in that, acting under color of state law, he, without any cause or provocation whatsoever, severely injured plaintiff by pulling hard on his right arm, causing pain and injury to his right shoulder.

34. Because of the aforementioned act and violation of his rights perpetrated by defendant ENDERS, as described hereinabove, plaintiff suffered a deprivation of rights guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, and, as a result, suffered severe physical injury, lost time from his employment, and incurred medical expenses.

35. By reason of the aforementioned unconstitutional and illegal action taken against him by defendant ENDERS, as described hereinabove, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant ENDERS.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST DEFENDANTS ENDERS
### AND THE CITY OF NEW YORK
**(Battery)**

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "35" hereinabove as if more fully set forth at length herein.

37. On or about December 22, 2016, between 9:30 and 10:00 P.M., at the premises 167-05 Hillside Avenue, County of Queens, City and State of New York, defendant ENDERS, without probable cause therefor, offensively touched plaintiff by pulling his right arm with such force as to cause plaintiff to suffer injury to his right shoulder.

38. The aforementioned force used by defendant ENDERS was not reasonable under the circumstances.

39. At the aforementioned time and place, defendant ENDERS was acting within the scope of his employment by defendant CITY OF NEW YORK.

40. By reason of the aforementioned battery committed against him by defendant ENDERS, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff suffered, and continues to suffer, severe physical injury, lost time from his employment, and incurred medical expenses.

41. As a result of the battery committed upon him by defendant ENDERS, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant ENDERS.

WHEREFORE, plaintiff, FITZGERALD WRIGHT, demands judgment against defendants, THOMAS ENDERS, Shield No. 30482 and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION:   An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant ENDERS; and

SECOND CAUSE OF ACTION:   An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant ENDERS.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
       March 21, 2018

*Alan D. L.*

ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 307
Kew Gardens, New York 11415
(718) 793-6363
Our File No. 2402